**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 10-01197-TUC-JMR [CRP] |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| ALEJANDRO RIVAS-AMADOR, ) | |
| *aka Jose Luis Carranza,* ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant has filed a Motion To Suppress Statements (Doc. 17) and a Motion To Suppress Fruits of Unlawful Stop (Doc. 19). For the reasons set forth below, the Court recommends that the Motion to Suppress Statements be Granted in part and the Motion To Suppress Fruits of Unlawful Stop be Denied.

On May 9, 2010, U.S. Border Patrol Agent Samuel Schultz encountered Defendant, Alejandro Rivas-Amador, hiding behind the warehouse on East Street, at a "lay-up spot," a common spot where illegal aliens hide while waiting to be transferred to another location. Agent Schultz found Defendant sitting behind the warehouse by himself. Agent Schultz asked Defendant what he was doing to which he received no response. He asked him about his citizenship and Defendant indicated he was a citizen of Mexico. The third question Schultz asked initially was whether Defendant had any documents allowing him to be in the United States to which Defendant Rivas-Amador answered no. At that time, Agent Schultz instructed Defendant to place his hands over his head and walk with him out to East Street to the road along the side of the warehouse to wait for backup. While at East Street waiting for backup, Agent Schultz asked Defendant how and when he entered the United States. Defendant indicated that he had climbed over the fence. Agent Schultz also asked him about tattoos and gang affiliation. Defendant denied gang affiliation. Subsequently, Defendant was processed in the field and asked questions to fill out the I-213 information. He was then

1  transported to the Nogales Border Patrol Station where he was formally processed, and given

2  his *Miranda* rights.  At that time, Defendant invoked his right to remain silent.

3      At the hearing, the Government conceded that all of the statements, except for the

4  initial three questions, will not be introduced in its case in chief.  The Government will not

5  seek to introduce the statements made after Defendant was moved from behind the

6  warehouse with his hands over his head or any of the statements made in connection with

7  responding to information requested to fill out the I-213.  Defendant concedes that the first

8  three questions: what are you doing, what is your citizenship, and do you have any

9  documents, and the responses thereto, are admissible.

10      IT IS, THEREFORE, THE REPORT AND RECOMMENDATION of the Court that the Motion

11 To Suppress Statements (Doc. 17) be GRANTED, without opposition, as to all statements

12 made after the Defendant indicated that he was a citizen of Mexico, and that he had no

13 documents allowing his legal presence in the United States.  Any other statements made

14 thereafter can only be introduced for purposes of impeachment.

15      Concerning the Motion To Suppress Fruits of Unlawful Stop (Doc. 19) including the

16 fingerprint evidence obtained as a result of an illegal arrest, Agent Schultz entered into a

17 lawful *Terry* encounter with Defendant and made a lawful arrest.  Therefore, fingerprint

18 evidence and the fruits of the arrest are admissible into evidence.  IT IS THE REPORT AND

19 RECOMMENDATION that the Motion To Suppress Fruits of Illegal Arrest (Doc. 19) be

20 DENIED.

21      Pursuant to FED.R.CRIM.P., Rule 59(b)(2), the parties have fourteen (14) days from

22 the date of this Report and Recommendation to file written objections to these findings and

23 recommendations with the District Court.  Any objections filed should be filed with the

24 following case number: **CR 10-01197-TUC-JMR.**

25      DATED this 10th day of November, 2010.

26

27   _____

28   **CHARLES R. PYLE**
     **UNITED STATES MAGISTRATE JUDGE**

- 2 -